UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEFFANY MAE SWINSINSKI,

    Plaintiff,

v.                                          Case No.  8:23-cv-756-SPF

MARTIN O'MALLEY,
Commissioner of the Social
Security Administration,[1]

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision is based on substantial evidence and employs proper legal standards, the Commissioner's decision is affirmed.

    **I.**     **Procedural Background**

Plaintiff applied for a period of disability, DIB, and SSI (Tr. 389–98, 406–12). The Commissioner denied Plaintiff's claims initially and upon reconsideration (Tr. 210–49). At Plaintiff's request, an ALJ held a hearing where Plaintiff testified (Tr. 48–77, 250–64). The ALJ issued an unfavorable decision finding Plaintiff not disabled, thereby denying her claims for benefits (Tr. 179–99). Plaintiff then requested review from the Appeals Council (Tr. 312–14). The Appeals Council granted Plaintiff's request, vacated the ALJ's decision, and

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023, and is substituted as Defendant in this suit under Rule 25(d) of the Federal Rules of Civil Procedure.

remanded the case, directing an ALJ to consider evidence from SequelCare and Kevin Williams, P.A.; ensure all exhibits are appropriately selected, arranged, and marked; and reconsider Plaintiff's maximum residual functional capacity ("RFC") (Tr. 200–05). A different ALJ held another hearing where Plaintiff testified (Tr. 78–104), and the ALJ denied Plaintiff's claim (Tr. 25). Plaintiff appealed this decision to the Appeals Council, which declined review (Tr. 1–6). Plaintiff then filed a timely complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.     Factual Background and the ALJ's Decision

Plaintiff, who was born in 1990 (Tr. 23), alleges disability beginning April 1, 2017 (Tr. 10). She has a high school education (Tr. 23) and work experience as a preschool teacher (Tr. 23). She alleges disability from bipolar disorder with psychotic features, anxiety disorder with panic attacks, mood disorder, major depressive disorder, and seizures (Tr. 16).

The ALJ concluded Plaintiff met the insured status requirements through December 31, 2020, and had not engaged in substantial gainful activity since April 1, 2017, the alleged onset date (Tr. 13). After conducting a hearing and reviewing the record evidence, the ALJ determined Plaintiff had these severe impairments: sprained ligaments of the cervical spine, complex partial seizures, back pain, anxiety, post-traumatic stress disorder, bipolar disorder, borderline personality disorder, and cannabis use disorder (*Id.*). Notwithstanding these impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (*Id.*). The ALJ then concluded Plaintiff had the RFC to perform medium exertional work except she must avoid exposure to unprotected heights and dangerous moving machinery (Tr. 16). He elaborated:

> Mentally, she can understand, remember, and execute instructions; she can maintain concentration, pace, and persistence; she can socially interact with coworkers, supervisors, and the general public; and, she can adapt to changes in work settings or routines sufficiently to perform simple work tasks, except for the following additional mental limitations. She can occasionally interact socially with coworkers, supervisors, and the general public. And, she cannot perform assembly-line work, and cannot work at production-rate pace.

(*Id.*). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that could reasonably be expected to produce the alleged symptoms, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence (*Id.*).

Considering Plaintiff's impairments and the assessment of a vocational expert, the ALJ determined Plaintiff could no longer work as a preschool teacher (Tr. 22–23) but could work as a dishwasher, a laboratory equipment cleaner, a linen room attendant, and a janitor/cleaner—all jobs the ALJ determined exist in significant numbers in the national economy (Tr. 24). Based on Plaintiff's age, education, work experience, RFC, and the vocational expert's findings, the ALJ found Plaintiff not disabled (Tr. 24–25).

### III.   Legal Standard

To be entitled to benefits, a claimant must be disabled: they must be unable to engage in any substantial gainful activity because of a medically determinable physical or mental impairment that will likely result in death or that has lasted or will likely last for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the Social Security Administration has promulgated detailed regulations that outline a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform their past work. If the claimant cannot perform their prior work, the ALJ must decide in step five whether the claimant can do other work in the national economy in view of their age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews decisions of the Commissioner with deference to factual findings, no such deference is given to legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for the ALJ's even if it finds the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Reversal is required if the Commissioner fails to either apply the correct law or to give the reviewing court sufficient reasoning to determine the Commissioner conducted the proper legal analysis. *Keeton*, 21 F.3d at 1066. Review is thus limited to whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 20).

**IV.   Analysis**

Plaintiff argues: (1) the ALJ did not properly evaluate whether her anxiety disorder meets or equals Listing 12.06; (2) the ALJ failed to analyze the Paragraph C criteria for Listings 12.04, 12.06, and 12.15; and (3) substantial evidence supports the finding that Plaintiff's mental impairments meet these listings (Doc. 21 at 5, 7, 10).

**A. Consideration of Listing 12.06**

Plaintiff alleges the ALJ erred by failing to discuss whether Plaintiff's severe impairment of anxiety (Tr. 13) meets or medically equals the severity of Listing 12.06 (Doc. 21 at 3). To backtrack, Section 12.00 of Appendix 1 contains the Listings for mental disorders, arranged in eleven diagnostic categories: "neurocognitive disorders (12.02); schizophrenia spectrum and other psychotic disorders (12.03); depressive, bipolar and related disorders (12.04); intellectual disorder (12.05); anxiety and obsessive-compulsive disorders (12.06); somatic symptoms and related disorders (12.07); personality and impulse-control disorders (12.08); autism spectrum disorder (12.10); neurodevelopmental disorders (12.11); eating

disorders (12.13); and trauma- and stressor-related disorders (12.15)." 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A).

Except for Listing 12.05 (intellectual disorder), the Section 12.00 Listings consist of (1) a statement describing each disorder; (2) paragraph A criteria, which are a set of necessary medical findings; and (3) paragraph B criteria, which are four categories of impairment-related functional limitations (understanding, remembering, or applying information; interacting with others; concentration, persistence, and ability to maintain pace; and adapting or managing oneself). *Id.* Listings 12.02-12.04, 12.06, and 12.15 also incorporate Paragraph C criteria designed to evaluate "serious and persistent mental disorders." *Id.* The Paragraph C criteria are an alternative to the Paragraph B criteria for these Listings, meaning to meet either Listing 12.04, 12.06 or 12.15 (applicable here), the claimant must satisfy the criteria of either Paragraphs A and B *or* Paragraphs A and C. *Id.* The Paragraph B and C criteria for Listing 12.06 are identical to those for Listings 12.04 and 12.15.

A claimant bears the burden of proving that she meets or equals a listing impairment. *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991). Practically speaking, "[t]o meet a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (quotation marks omitted). "To equal a listing, the medical findings must be at least equal in severity and duration to the listed findings." *Id.* According to the Eleventh Circuit, "[w]hile Appendix 1 must be considered in making a disability determination, it is not required that the Secretary mechanically recite the evidence leading to [his or her] determination," and "[t]here may be an implied finding that a claimant does not meet a listing." *Hutchison v. Bowen*, 787 F.2d 1461,

1463 (11th Cir. 1986) (citation omitted).  Put differently, "in the absence of an explicit determination, [a court] may infer from the record that the ALJ implicitly considered and found that a claimant's disability did not meet a listing." *Flemming v. Comm'r of the Soc. Sec. Admin.*, 635 F. App'x 673, 676 (11th Cir. 2015).[2]

Here, both sides agree the ALJ does not explicitly discuss Listing 12.06.  But it is clear from his decision that he considered Plaintiff's anxiety (finding it a severe impairment), referenced Plaintiff's treatment records that discuss her anxiety, and mentioned Plaintiff's anxiety numerous times.  For example, the ALJ noted Plaintiff was admitted to St. Anthony's Hospital in March 2017 for anxiety and suicidal thoughts (Tr. 18), exhibited an anxious and dysphoric mood on mental status exams at Directions for Living (a low income counseling center) in May 2017 and was still anxious six months later (Tr. 18–19), had "an anxious and tearful mood and affect" during an ER visit in February 2018 (*Id.*), was Baker Acted twice in quick succession for suicidal thoughts in March 2018 (*Id.*), and complained of increased anxiety during visits to Sequel Care (another counseling center) (*Id.*). The ALJ cites treatment records that focus on Plaintiff's treatment for anxiety and bipolar disorder (Tr. 18–19, 807–09, 719–21, 846, 860, 883, 1018, 1020).  And the ALJ specifically analyzed the Paragraph B and C criteria for Listings 12.04 and 12.15, which are identical for Listing 12.06, finding that Plaintiff has a mild limitation in understanding, remembering or applying information and moderate limitations in the other three broad areas of functioning (Tr. 14–15).  Plaintiff does not challenge the ALJ's Paragraph B findings.

---

[2] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority.  11th Cir. R. 36-2.

On this record, the lack of an explicit reference to Listing 12.06 is not error. The ALJ was not required to "mechanically recite the evidence or listings" he considered. *Flemming*, 635 F. App'x at 676 (internal quotation marks and citation omitted). The Court infers from the full decision, including the ALJ's thorough discussion of Plaintiff's medical records, that the ALJ "implicitly considered and found" Plaintiff's anxiety did not meet Listing 12.06. *Id.*; *see also Prince v. Comm'r*, 551 F. App'x 967, 971 (11th Cir. 2014) (finding no error in the ALJ's failure "to make detailed findings or explicitly discuss whether [the claimant's] impairments met or equaled [a listing]" because the finding could be inferred from the ALJ's discussion of relevant medical evidence).

Even if the ALJ erred by not explicitly referencing Listing 12.06 (he did not), that error was harmless, because substantial evidence supports the ALJ's finding that Plaintiff failed to show her anxiety meets or equals the criteria of Listing 12.06 (as this Order explains below). *See Whitten v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 791, 793 (11th Cir. 2019) ("If the ALJ commits an error that does not affect the outcome, it's harmless and doesn't require reversal or remand."); *Wilkinson on Behalf of Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987) (noting the burden is on the claimant to "present specific medical findings that meet the various tests listed under the description of the applicable impairment").

Last on this point, Plaintiff argues in one paragraph that the ALJ failed to consider "whether a combination of Plaintiff's impairments, *including anxiety*, is medically equivalent to a Listing." (Doc. 21 at 7) (emphasis in original). But the ALJ states "the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" (Tr. 13). He elaborated:

> [N]o acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination; no State

8

> agency reviewer, consultant, or examiner has concluded that the claimant has any impairment severe enough to meet or equal a listing; no subsequent evidence has been submitted that would alter the previous conclusions that the claimant has no impairments severe enough to meet or equal a listing; and no treating physician has credibly concluded that the claimant has an impairment or combination thereof severe enough to meet or equal a listing.

(Tr. 14).

The Court agrees with the Commissioner that this finding is consistent with SSR 17-p, 2017 WL 3928306, which reads, "Generally, a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding." Plaintiff advances no specific argument and cites no record evidence supporting her contention that her impairments, when combined, equal Listing 12.06. Neither does she explain why the ALJ's boilerplate statement that he considered all Plaintiff's impairments and she does not meet or equal a listing is incorrect. Plaintiff's first argument fails.

### B. Sufficiency of Paragraph C Analysis for Listings 12.04, 12.06, and 12.15

Next, Plaintiff argues the ALJ did not adequately analyze whether she met the Paragraph C criteria of Listings 12.04, 12.06, and 12.15 (Doc. 21 at 7).[3] These listings have the same Paragraph C requirements:

> C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
>
> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); *and*
>
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

---

[3] As explained above, the ALJ implicitly considered Listing 12.06.

9

20 C.F.R. Pt. 404, Subpt. P, App'x 1 (emphasis added).  In determining whether Plaintiff satisfied these criteria, the ALJ wrote:

> I have also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria, because the evidence does not establish that the severity of the claimant's mental medically determinable impairment(s) is "serious and persistent;" that is, a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both: medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of the claimant's mental disorder; -and- marginal adjustment, that is, that the claimant has had minimal capacity to adapt to changes in his/her environment or to demands that are not already part of his/her daily life.

(Tr. 15).

Plaintiffs cites two cases supporting her argument that this analysis is insufficient: *Upton v. Saul*, No. 5:18-cv-1576-GMB, 2020 WL 837909 (N.D. Ala. Feb. 19, 2020), and *Fazio v. Kijakazi*, No. 8:21-cv-2180-AAS, 2022 WL 3572873 (M.D. Fla. Aug. 19, 2022) (Doc. 21 at 8–10).  In *Upton*, the court found the ALJ's listing analysis was insufficient, reasoning that "the ALJ's step three discussion ostensibly consists of only one sentence," and discussion of Paragraph B criteria embedded within the step two analysis mentioned no medical evidence as support.  2020 WL 837909 at *5.  The court concluded: "Without sufficient reasoning to determine whether the ALJ conducted the proper legal analysis, this court has no choice but to reverse."  *Id.* at *6 (citing *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007)).

And *Fazio* applies the reasoning of *Upton* to an ALJ's Paragraph C analysis limited to two sentences.  2022 WL 3572873 at *4.  The *Fazio* court found "*Upton*'s discussion of Paragraph B is not tailored to the specific requirements of Paragraph B and is thus applicable to Paragraph C."  *Id.*  In applying *Upton* and remanding the ALJ's decision, the court stated

10

that "*Upton* is a basic application of longstanding Eleventh Circuit precedent that an ALJ's 'failure . . . to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal in its own right.'" *Id.* (quoting *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1269 (11th Cir. 2019)).

*Upton* and *Fazio* are distinguishable from Plaintiff's case. In *Upton*, the ALJ both failed to discuss the plaintiff's mental health conditions in step three and omitted any mention of mental health-related evidence in steps four and five. 2020 WL 837909 at *5-6. "In short, the ALJ's opinion does not reveal meaningful consideration of Upton's alleged mental limitations. This omission prevents the court from concluding whether the ALJ properly applied the law." *Id.* at *6. The *Fazio* court, similarly, found the ALJ failed to "materially discuss the Paragraph C requirements." 2022 WL 3572873 at *5. The ALJ cited to mental health records after making a Paragraph C determination, but this evidence actually "supported the opposite conclusion." *Id.* at *4.

Here, the ALJ considered Plaintiff's mental health treatment history throughout the decision (Tr. 13–22). Nothing in *Upton* nor *Fazio* holds an ALJ's Paragraph C finding cannot be substantiated elsewhere in the decision. *See Gardner v. Comm'r of Soc. Sec.*, No. 2:20-cv-331-MRM, 2021 WL 3674305, at *5 (M.D. Fla. Aug. 19, 2021) (noting "the ALJ's failure to enumerate the evidence upon which he or she relied in determining whether a plaintiff is disabled under a Listing will not require remand if the decision reflects that the evidence was considered"); *Elshater v. Kijakazi*, No. 0:22-cv-60466-JIC Doc, 2022 WL 14890164, at *10 (S.D. Fla. Oct. 6, 2022), *report and recommendation adopted*, No. 0:22-cv-60466-JIC, 2022 WL 14813795 (S.D. Fla. Oct. 26, 2022) (discussing how an ALJ's step four analysis demonstrated

11

her consideration of the Paragraph C criteria).  The ALJ was not required to "mechanically recite" the evidence when considering the listings.  *Flemming*, 635 F. App'x at 676.

A close reading of the ALJ's decision shows he considered all Paragraph C criteria.  Regarding the first prong, the ALJ discussed Plaintiff's mental health treatment and her response to treatment (Tr. 18–19), summarizing the records of five providers: St. Anthony's Hospital, Personal Enrichment for Mental Health Services, Sequel Care, Directions for Living, and Suncoast Center, Inc. (*Id.*).  He detailed Plaintiff's complaints, examinations, treatment, progress, and prescriptions (*Id.*).  The ALJ concluded Plaintiff has "a long history of treatment for mood disorder with multiple hospital admissions," but "her mental status examinations have failed to reveal any formal thought or psychotic disorder" (*Id.*).  And "upon being treated with medication, . . . her symptoms have improved with the prescribed treatment, resulting in discharge shortly thereafter." (Tr. 20).  The ALJ adequately considered evidence regarding the first factor of Paragraph C.

The ALJ also considered the second prong of Paragraph C, Plaintiff's "marginal adjustment," defined as a "minimal capacity to adapt to changes in [the claimant's] environment or to demands that are not already part of [the claimant's] daily life."  20 C.F.R. Pt. 404, Subpt. P, App'x 1.  The ALJ found Plaintiff has experienced "a moderate limitation" in "adapting or managing" herself (Tr. 15).  While Plaintiff reported having a "difficult time dealing with stressful situations and changes in routine," her treating providers' mental status exams showed she "regularly exhibited appropriate hygiene and grooming, and her psychomotor activity was calmed and relaxed, cognitively grossly intact, and her insight and judgment were appropriate for her age and development" (*Id.*).

The Court is persuaded by the statement in *Gardner* that "[l]ogic dictates that having found that Plaintiff has only a mild limitation in adapting or managing herself, the ALJ also implicitly found that Plaintiff did not have a 'marginal adjustment.'" 2021 WL 3674305 at *6. *Gardner*'s reasoning applies here, where the ALJ found Plaintiff had only a "moderate limitation in adapting or managing [herself]" (Tr. 15).

The ALJ adequately considered both prongs of the Paragraph C criteria. *See Laws v. Comm'r of Soc. Sec.*, No. 6:21-cv-1284-LHP, 2022 WL 4483721, at *7 (M.D. Fla. Sept. 27, 2022) ("Here, a review of the decision *as a whole* demonstrates that the ALJ considered the factors and evidence relevant to paragraph C of Listing 12.03.") (emphasis added).

### C. Step Three Findings

Plaintiff's final contention is the flip side of her argument that the ALJ's Paragraph C analysis lacks substantial evidentiary support:  She contends substantial evidence supports the conclusion that she meets the Paragraph C criteria for Listings 12.04, 12.06, and 12.15 (Doc. 21 at 10).[4]  This argument also lacks merit.

It is Plaintiff's burden to "provid[e] medical reports showing that [her] conditions [meet] the specific criteria of the Listings." *Bellew v. Acting Com'r of Soc. Sec.*, 605 F. App'x 917, 925 (11th Cir. 2015).  Here, Plaintiff has not shown she has marginal adjustment.  Paragraph C directs the reader to § 12.00(G)(2)(c) for a more detailed definition:

> 'Marginal adjustment" means that your adaptation to the requirements of daily life is fragile; that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life. We will consider that you have achieved only marginal adjustment when the evidence shows that changes or increased demands have led to exacerbation of your symptoms and signs and to deterioration in your functioning.

---

[4] Again, these listings have identical Paragraph B and Paragraph C criteria.  Plaintiff does not challenge the ALJ's Paragraph B findings.

20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(G)(2)(c).

As discussed above, in addition to the ALJ's explicit finding that Plaintiff does not satisfy the Paragraph C criteria, the ALJ implicitly found Plaintiff did not have marginal adjustment when he concluded she had only a moderate limitation in her ability to adapt and manage herself (Tr. 15). *See Gardner*, 2021 WL 3674305 at *6. The ALJ acknowledged Plaintiff's difficulty "dealing with stressful situations and changes in routine," but observed:

> Upon being discharged after psychiatric hospitalizations, she was in stable condition with observed findings of appropriate appearance, calmed motor activity, open attitude and behavior, appropriate mood and affect, appropriate speech and perception, and organized thought content without signs of delusions, or suicidal/homicidal thoughts, and fair insight and judgment; and the treating providers' mental status exams reveal that the claimant regularly exhibited appropriate hygiene and grooming, and her psychomotor activity was calmed and relaxed, cognitively grossly intact, and her insight and judgment were appropriate for her age and development.

(Tr. 15).

In her brief, Plaintiff summarizes her mental health treatment since July 2017, which includes at least two Baker Act hospital admissions, and concludes "she has marginal adjustment." (Doc. 21 at 10-11). Yet she does not point to evidence showing her "adaptation to the requirements of daily life is fragile." 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(G)(2)(c). Plaintiff bears the burden of showing a serious and persistent mental disorder, but she cannot do so without demonstrating marginal adjustment.[5]

Substantial evidence demonstrates Plaintiff's ability to adapt to the requirements of daily life. Plaintiff has consistently sought therapy services, which she said during a May 2020 assessment, help "keep her grounded" (Tr. 893–912, 927–1017, 1076–1187). She shared

---

[5] Because Plaintiff has not shown marginal adjustment, the Court need not address the other Paragraph C requirements.

that "she has friends and [a] social support system," and "it's helpful to talk to someone" in therapy (Tr. 1181).  Plaintiff's medical records show her therapy led to progress—she stated during a June 2021 encounter she "has been working on saying no more to things that don't serve her," and the provider wrote that Plaintiff "reported improvement in prioritizing herself" (Tr. 1163).  A May 2021 progress note from Suncoast Center reflects that she was "open and receptive," (Tr. 1164) and a January 2022 record from Florida Health states she had an appropriate mood and affect, and normal insight and judgment (Tr. 1208).  In February 2022, when she sought emergency services at St. Anthony's Hospital for blood in her stool and rectum pain, she was cooperative and non-suicidal, had an appropriate mood and affect, normal judgment, and no anxiety (Tr. 1284–85).

The undersigned reiterates that, when reviewing an ALJ's decision, the Court's job is to determine whether the administrative record contains enough evidence to support the ALJ's factual findings.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). If the ALJ's findings are based on the correct legal standards and are supported by substantial evidence – as they are here – the Commissioner's decision must be affirmed even if the undersigned would have reached a different conclusion.  *See Bloodsworth*, 703 F.2d at 1239. "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S.Ct. at 1154.  In other words, the Court is not permitted to reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision.  *See Bloodsworth*, 703 F.2d at 1239.

The record supports the ALJ's finding that "the evidence fails to establish the presence of the 'paragraph C' criteria" (Tr. 15). Plaintiff has not met her burden of showing an impairment or combination of impairments that meets or equals the severity of a listing.

### V.     Conclusion

Accordingly, after consideration, it is ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment for the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on March 22, 2024.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE